# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:14cv0147-FDW

| | | |
|---|---|---|
| **RONNIE D. RICH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FRANK L. PERRY, CYNTHIA THORTON,** | ) | |
| | ) | |
| **Respondent**S. | ) | |
| | ) | |

  **THIS MATTER** is before the Court upon Petitioner Ronnie D. Rich's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Also before the Court is Respondents' Motion for Summary Judgment. (Doc. No. 5).

## I. BACKGROUND

  Petitioner pled guilty in Cleveland County Superior Court on September 1, 2010 to three counts of taking indecent liberties with a child and was sentenced according to the terms of his plea agreement to two consecutive active terms of 13-16 months, followed by 19-23 months, suspended for 36 months, with sex offender and other conditions in cases 10 CRS 1940-41. (Transcript of plea, judgments, and judicial findings, Resp.'s Mem. of Support Ex. #1 20-39, Doc. No. 6-2). [1] Petitioner did not file a direct appeal or seek discretionary review in the North Carolina appellate courts. As of August 18, 2011 and September 26, 2012, respectively, Petitioner completed his two active sentences of 13-16 months in case 10 CRS 1940. (Resp.'s

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

Mem. 1-2, Doc. No. 6).  He then began his 36-month period of supervised probation in case 10 CRS 1941.

On January 17, 2013, Petitioner's probation officer filed a probation violation report stating that Petitioner had violated probation by failing to report for scheduled office visits, violating curfew, failing to comply with supervision fees and court cost payments, absconding supervision, relocating without his probation officer's permission, being charged with no operator's license, and failing to attend sex offender rehabilitation therapy as ordered. (Probation Violation Report, Resp.'s Mem. of Support Ex. #1, supra, at 40-42).  On February 8, 2013 a warrant was issued for Petitioner's arrest pursuant to N.C. Gen. Stat. § 14-208.11 (a)(2) (2009), which makes it a Class F felony for registered sex offenders to fail to notify the last registering sheriff of a change of address.  (Warrant, Resp.'s Mem. of Support Ex. #1, supra, at 45-46).

On March 12, 2013, the Cleveland County Superior Court activated Petitioner's suspended 19-23 month sentence as a result of Petitioner's probation violations in case 10 CRS 1941.  (Judgment, Resp.'s Mem. of Support Ex. #1, supra, at 43-44).  On June 5, 2013, Petitioner pled guilty in the Superior Court of Cleveland County to failing to notify the last registering sheriff of a change of address, and was sentenced to a term of 15-27 months imprisonment in case 13 CRS 50805.  (Transcript of plea and judgment, Resp.'s Mem. of Support Ex. #1, supra, at 49-58).  Petitioner did not appeal or seek discretionary review in the North Carolina appellate courts.

On January 15, 2014, Petitioner filed a pro se Motion for Appropriate Relief ("MAR") in the Superior Court of Cleveland County.  (MAR, Resp.'s Mem. of Support Ex. #1, Doc. No. 6-2).  He raised the following claims:  1) counsel in cases 10 CRS 1940-41 was ineffective for

failing to run the sentences concurrently, file an appeal, advise Petitioner of his rights to appeal, and ensure that the plea agreement was accurate; 2) counsel in cases 10 CRS 1940-41 was ineffective for coercing a guilty plea and misleading Petitioner about the terms of the plea agreement; 3) Petitioner's guilty pleas in 10 CRS 1940-41 were not knowing, intelligent or voluntary due to misrepresentations by counsel; 4) Petitioner's guilty plea in 13 CRS 50805 was not knowing, intelligent or voluntary; and 5) the sentences imposed in cases 10 CRS 1940-41 were disproportionate and unconstitutional. (MAR, Resp.'s Mem. of Support Ex. #1, supra).

The Cleveland County Superior Court denied the MAR by written order on January 16, 2014. (Resp.'s Mem. of Support Ex. #2, Doc. No. 6-3). On May 7, 2014, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Resp.'s Mem. of Support Ex. # 3, Doc. No. 6-4). On May 22, 2014, certiorari was denied. (Resp.'s Mem. of Support Ex. # 5, Doc. No. 6-6).

Petitioner signed the instant pro se federal habeas petition under penalty of perjury and placed it in the prison mailbox on May 27, 2014. (Pet. 15, Doc. No. 1). It was received and docketed in this Court on June 5, 2014. Upon completion of an initial review of the petition and attached documents as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court ordered Respondent to answer the petition. (Doc. No. 3). On July 23, 2014, Respondent filed a Response, Motion for Summary Judgment, and Memorandum in Support. (Doc. Nos. 4-6).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court provided Petitioner notice of Respondent's Motion for Summary Judgment and an opportunity to respond. (Doc. No. 7). Petitioner did so on August 6, 2014. (Doc. No. 8).

## II.    STANDARD OF REVIEW

### A.   Summary Judgment

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir.1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).  Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B.   The Antiterrorism and Effective Death Penalty Act of 1996

Review of Petitioner's claims is governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  There are several procedural hurdles a Petitioner must clear before the Court may review his claims on the merits.  Among them is a timeliness requirement.  28 U.S.C. § 2244(d)(1)(A)-(D).

AEDPA provides a one-year statute of limitations for § 2254 petitions, which runs from the latest of several potential starting dates.  Id.  Respondent raises a statute of limitations defense to all of the claims raised in the instant habeas petition.  For the reasons stated below, the Court holds that the petition for writ of habeas corpus is untimely, and Respondent is entitled to summary judgment.

## III.     DISCUSSION

The first thing the Court must determine is which conviction(s) the habeas petition challenges.  Respondent contends that the grounds raised in the petition challenge the constitutional validity of Petitioner's September 1, 2010 guilty pleas in cases 10 CRS 1940-41, but not the March 12, 2013 judgment activating his suspended sentence in case 10 CRS 1941 or the June 5, 2013 judgment and sentence for failing to report his new address in case 13 CRS 50805.  Petitioner disputes Respondent's assertion, arguing that the petition challenges all of his convictions and sentences by incorporating by reference the claims raised in his MAR.  (Pet.'s Resp. to Motion 3, Doc. No. 8).

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief."  Adams v. Armontrout, 897 F.2d 332, 333 (8th Cir. 1990).  A habeas petitioner who generally references allegations raised in other pleadings "patently fail[s] to comply with Rule 2(c)."  Id.  Rule 2(c) requires a petitioner to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified.  These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review."  Id. at 334.  Petitioner violated Rule 2(c) with his repeated citations to his state post-conviction pleadings.  (See, e.g., Pet. 5, Doc. No. 1 ("Petitioner retakes [sic] his claim presented in his collateral attacks and incorporates it hereto [sic] as a reference.")).

Nevertheless, the Court has reviewed Petitioner's MAR, compared it to the grounds raised in the instant petition, and now finds that the facts alleged in the petition apply only to Petitioner's September 1, 2010 convictions and sentences.  Ground One of the petition is an

ineffective assistance of counsel claim in which Petitioner asserts that he was unaware of the requirement that he register as a sex-offender because that was not part of the plea deal negotiated with the State. (Pet. 5, Doc. No. 1). Petitioner was required to register as a sex-offender as a consequence of his guilty pleas in 10 CRS 1940-41. (Transcript of plea, judgments, and judicial findings, Resp.'s Mem. of Support Ex. 1 20-39, Doc. No. 6-2).

Ground Two of the instant petition is an involuntary guilty plea claim in which Petitioner asserts that he never agreed to register as a sex offender and that due to counsel's error, he signed a guilty plea. (Pet., supra, at 7). Again, Petitioner was required to register as a sex-offender as a consequence of his guilty pleas in 10 CRS 1940-41.

Finally, Ground Three of the instant petition asserts that Petitioner was wrongfully sentenced in the aggravated range; that his sentence (unspecified) was "grossly disproportionate," and that he was wrongfully required to register as a sex offender. (Pet., supra, at 8). These assertions also are tied to Petitioner's 10 CRS 1940-41 convictions. Therefore, the only convictions and sentences before this Court are those entered on September 1, 2010.

Turning to the statute of limitations issue, Petitioner argues that his petition is timely pursuant to § 2244(d)(1)(D), which provides that ADEPA's one-year statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This provision is of no help to Petitioner, however, as the factual predicate for all of the claims raised in the petition were discoverable through due diligence on the day that he was sentenced in cases 10 CRS 1940-41.

The "Judicial Findings and Order for Sex Offenders – Active Punishment" forms in cases 10 CRS 1940-41 show that the presiding judge found that Petitioner had been convicted of a

sexually violent offense, was not classified as a sexually violent predator, and was required to register as a sex offender upon his release from prison. (MAR, Resp.'s Mem. of Support Ex. #1, supra, at 25, 39). Furthermore, the Judgment form in case 10 CRS 1941 specifically orders Petitioner to comply with the Sex Offender Control Program and to register as a sex offender. (MAR, Resp.'s Mem. of Support Ex. #1, supra, at 38). Petitioner's plea transcript from cases 10 CRS 1940-41 shows that in case 10 CRS 1941, he stipulated to the aggravating factor "that he took advantage of a position of trust to commit the offense." (MAR, Resp.'s Mem. of Support Ex. #1, supra, at 24). Additionally, the plea transcript, which Petitioner signed, contains the following written plea arrangement:

> The Defendant will plead guilty to 3 counts of Indecent Liberties With A Child. The State will dismiss the remaining charges. The Defendant will receive two consecutive active sentences of 13-16 months, followed by a sentence of 19 to 32 months, suspended for 36 months, with sex offender conditions and any other conditions set by the court.

(MAR, Resp.'s Mem. of Support Ex. #1, supra, at 25).[2]

The Court finds that the federal statute of limitations in cases 10 CRS 1940-41 began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner's convictions in cases 10 CRS 1940-41 became final on or about September 15, 2010. Judgments were entered on September 1, 2010 when Petitioner was sentenced. Petitioner then had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). His convictions became final on September 15, 2010, when the time for seeking direct review expired. See § 2244(d)(1)(A). The federal statute of limitations then proceeded to run for 365 days until it fully

---

[2] Contrary to Petitioner's assertions, none of his sentences were in the aggravated range. Petitioner's sentences in 10 CRS 1940 were in the mitigated range. (MAR, Resp.'s Mem. of Support Ex. #1, supra, at 31-34). The sentence in 10 CRS 1941 was in the presumptive range. (MAR, Resp.'s Mem. of Support Ex. #1, supra, at 35).

expired on or about September 15, 2011, more than two and a half years before Petitioner placed the instant habeas petition in the prison mailbox.

Petitioner's habeas petition is time barred, and he is not entitled to equitable tolling, which requires a showing that "he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way" of filing a timely habeas petition.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling of AEDPA's one year limitation period is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").  Additionally, neither Martinez v. Ryan, 132 S.Ct. 1309 (2012), nor Trevino v. Thaler, 133 S. Ct. 1911 (2013), serve to toll the statute of limitations, as Petitioner argues.  Martinez and Trevino provide a gateway for federal habeas courts to review certain ineffective assistance of trial counsel claims that were not raised in the state courts and would now be barred from review by adequate and independent state procedural rules.  They have no application in the statute of limitations context.  See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014).

## IV:   CONCLUSION

Petitioner's § 2254 habeas petition is untimely, and the circumstances do not warrant equitable tolling.  Therefore, the petition shall be dismissed, and Respondent shall be granted summary judgment.

## V.    ORDER

**IT IS, THEREFORE, ORDERED** that:

1)  Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely;

2)  Respondent's Motion for Summary Judgment (Doc. No. 5) is **GRANTED**; and

3)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>,

537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484

(2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable,

and that the petition states a debatably valid claim of the denial of a constitutional

right).

**SO ORDERED.**

Signed: March 13, 2015

Frank D. Whitney
Chief United States District Judge